tain alleged criminal activities because the exposure will tend to incriminate him. That is the only ground upon which this constitutional privilege can be invoked. Refusal to sign the waiver would seem to be just as much a breach of duty as an actual refusal to testify."

We are impelled to state that we heartily approve the wholesome decision of the Civil Service Commission. The judgment of the superior court is reversed.

*Judgment reversed.*

SCANLAN, J., concur.

SULLIVAN, J., took no part.

Accident and Casualty Insurance Company of Winterthur, Switzerland, Appellant, v. Nicholas Pierre, Sidney J. Peers, Administrator of Estate of William Atley Peers, Deceased, and Robert Eckert, Minor, Appellees.

Gen. No. 44,337.

Hinshaw & Culbertson, for appellant; Oswell G. Treadway, of counsel; John A. Brown and Charles C. Kirk, for appellee. Opinion by JUSTICE FRIEND. Not to be published in full. Opinion filed June 14, 1949; rehearing denied November 23, 1949; released for publication November 23, 1949.

## Arco Electronics, Inc., Appellee, v. Product Manufacturing and Engineering Corporation, Appellant.

### Gen. No. 44,577.

Otto M. Hamer and John P. Derning, for appellant; Charles D. Kern, of counsel; Blanksten & Lansing, for appellee; I. L. Kovitz, of counsel. Opinion by PRESIDING JUSTICE FRIEND. Not to be published in full. Opinion filed October 25, 1949; released for publication November 18, 1949.

## People of State of Illinois ex rel. John S. Rusch, Appellee, v. Theresa Partipilo et al., Appellants.

### Gen. No. 43,997.